**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NORTH STAR LEASING, a division of PEOPLES BANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1851** |
| **HOTWORX FRANCHISING, LLC.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Defendant HOTWORX Franchising, LLC's ("HOTWORX") "Partial Motion for Judgment on the Pleadings Pursuant to Rule 12(c)."[1] This litigation arises from a contractual dispute between, Plaintiff North Star Leasing, a division of Peoples Bank ("Plaintiff") and HOTWORX.[2] In the instant motion, HOTWORX moves the Court to dismiss Plaintiff's request for damages to the extent that they exceed the scope of the underlying contract at issue.[3] Plaintiff consents to the limited request sought by HOTWORX, and agrees to limit its recovery to $170,739.24 (the "Net Book Value").[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

---

[1] Rec. Doc. 29.

[2] Rec. Doc. 29-1; Rec. Doc. at 1-2 at 25.

[3] *Id.*

[4] Rec. Doc. 40.

## I. Background

*A.    Factual Background*

On August 2, 2023, Plaintiff allegedly entered into an Equipment Finance Agreement (the "Blitz Fit Agreement")[5] with non-party, Blitz Fit Enterprises Corp. d/b/a Hotworx Buellton ("Blitz Fit"), a former HOTWORX franchisee that operated a HOTWORX studio in Buellton, California.[6] Pursuant to the Blitz Fit Agreement, Plaintiff advanced $192,905.94 to Blitz Fit, to be repaid in sixty monthly payments of $4,603.00 until the loan was fully repaid.[7] Additionally, Blitz Fit granted Plaintiff a security interest in certain equipment, including but not limited to: one Grid Wall Sign; one Grid Wall Mirror Package; 1,393 Rubber Flooring Mats; and additional items and installation as listed on Invoices 2245 and ENT23-284 (the "Equipment").[8] Plaintiff claims that following the execution of the Blitz Fit Agreement, Blitz Fit defaulted and subsequently ceased operations and filed for bankruptcy in the Central District of California.[9]

On August 31, 2023, Plaintiff and HOTWORX entered into a Remarketing and Repurchase Agreement (the "Repurchase Agreement"), separate and apart from the Blitz Fit Agreement.[10] The Repurchase Agreement "outlines certain remarketing and repurchase obligations with respect to certain equipment financed by [Plaintiff] for HOTWORX franchisees."[11] Specifically, HOTWORX alleges that per the Repurchase Agreement if HOTWORX is notified that a

---

[5] Rec. Doc. 1-2 at 12–23.

[6] Rec. Doc. 1-2 at 5–6.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 7.

[10] *Id.* at 6, 25.

[11] Rec. Doc. 29-1 at 2.

HOTWORX franchisee defaults on their agreement with Plaintiff, then HOTWORX will engage in a series of actions to provide remarketing support.[12] First, HOTWORX will endeavor to sell the entire business to a new franchisee who will either assume the former franchisee's balance or pay such balance.[13] If a new franchisee cannot be found, then HOTWORX shall remarket the equipment for resale for 90 days.[14] If the equipment resale price is lower than the Net Book Value, then HOTWORX "would be responsible to [Plaintiff] to make up the difference between the sale proceeds and [Plaintiff's] net book value."[15] Alternatively, if the equipment is not resold, then "HOTWORX would be obligated to purchase the equipment 'from [Plaintiff] for [Plaintiff's] net book value for the defaulted transaction.'"[16]

In this litigation, Plaintiff claims that in the event of a default by Blitz Fitz under the Blitz Fit Agreement, the Repurchase Agreement obligated HOTWORX to purchase equipment from Plaintiff for the Net Book Value.[17] Plaintiff alleges that HOTWORX has breached the Repurchase Agreement by failing to pay the Net Book Value and by failing to remarket the Equipment.[18]

---

[12] *Id.*

[13] *Id.* at 3. The balance to be paid off would be equal to Plaintiff's Net Book Value.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 1-2 at 7.

[18] Rec. Doc. 1-2 at 8.

### B.    *Procedural Background*

On April 11, 2025, Plaintiff filed the Complaint[19] in the Court of Common Pleas of Allegheny County, Pennsylvania.[20] HOTWORX removed the case to the United States District Court for the Western District of Pennsylvania on May 16, 2025.[21] On August 26, 2025, this case was transferred to the Eastern District of Louisiana.[22] On November 4, 2025, HOTWORX filed the instant Motion to Dismiss for Judgment on the Pleadings.[23] On January 2, 2026, Plaintiff filed a response to the Motion.[24]

## II. Parties' Arguments

### A.    *HOTWORX's Arguments in Support of the Motion*

HOTWORX moves the Court to dismiss Plaintiff's request for damages that they exceed the sums provided for in the parties' agreement.[25] HOTWORX first requests dismissal of Plaintiff's request for compensatory damages, in excess of the Net Book Value purported by Plaintiff.[26] HOTWORX asserts that Plaintiff's recovery is limited pursuant to the terms of the Repurchase Agreement, and that the $268,688.46 sought by Plaintiff in the Complaint, is beyond the scope of the contract.[27] HOTWORX contends that the Repurchase Agreement at most entitles

---

[19] *Id.*

[20] Rec. Doc. 40 at 2.

[21] *Id.*

[22] Rec. Doc. 16. Both parties consented to transferring venue to this Court, but Plaintiff disputes HOTWORX's challenges to jurisdiction and venue.

[23] Rec. Doc. 29.

[24] Rec. Doc. 40.

[25] Rec. Doc. 29 at 1.

[26] Rec. Doc. 29-1 at 4–6.

[27] *Id.* at 7–8.

Plaintiff to the Net Book Value of the Equipment.[28] Further, HOTWORX submits that the Complaint alleges that the Net Book Value of the Equipment is $170,739.24.[29] Thus, HOTWORX argues that Plaintiff should be limited to seeking compensatory damages of $170,739.24.[30]

Next, HOTWORX requests that the Court hold that Plaintiff is not entitled to an award of attorney's fees.[31] HOTWORX asserts that the Complaint does not allege any statutory authority for an award of attorneys' fees and that there is no applicable statute or contract provision regarding attorney's fees in the Repurchase Agreement.[32] Thus, HOTWORX argues that Plaintiff is not entitled to attorney's fees.[33]

Further, HOTWORX avers that Plaintiff is not entitled to conventional or pre-suit interest.[34] HOTWORX asserts that the Repurchase Agreement does not have any language that permits the recovery of conventional interest.[35] Moreover, HOTWORX contends that pre-suit interest "is only due on the principal amount of a judgment from the date of judicial demand."[36] HOTWORX argues that there is "no basis upon which [Plaintiff] can reasonably contend it is

---

[28] *Id.* at 7.

[29] *Id.*

[30] *Id.*

[31] Rec. Doc 29-1 at 8–10.

[32] *Id.* at 8.

[33] *Id.*

[34] *Id.* at 9.

[35] *Id.*

[36] *Id.* at 10 (citing *Graf v. Jim Walter Homes, Inc.*, 97-1143, (La. App. 1 Cir. 5/15/98), 713 So. 2d 682, 693).

entitled to seek pre-suit interest under the terms of the Repurchase Agreement or applicable Louisiana law."[37]

### B.    Plaintiff's Arguments in Opposition to the Motion

Plaintiff consents to limit its recovery to "the 'Net Book Value' of the equipment as finally determined by this Honorable Court as well as any relief which this Court deems to be just and proper."[38]

### III. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[39] A motion under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[40] In ruling on a 12(c) motion, the Court must look only to the pleadings[41] and exhibits attached the pleadings.[42] The motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[43] "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[44] In ruling on a 12(c) motion, "[p]leadings

---

[37] *Id.*

[38] Rec. Doc. 40 at 3.

[39] Fed. R. Civ. P 12(c).

[40] *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

[41] *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002).

[42] *See Waller v. Hanlon*, 922 F.3d 590, 600 (5th Cir. 2019).

[43] *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

[44] *Great Plains Tr. Co.*, 313 F.3d at 312 (alteration in original) (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)).

should be construed liberally," and judgment is appropriate "only if there are no disputed issues of fact and only questions of law remain."[45] The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," but need not "accept as true conclusory allegations or unwarranted deductions of fact."[46] The Court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[47]

## IV. Analysis

HOTWORX requests dismissal of Plaintiff's request for damages, in excess of the $170,739.24 Net Book Value purported by Plaintiff.[48] HOTWORX argues that Plaintiff's recovery is limited pursuant to the terms of the Repurchase Agreement and that the $268,688.46, attorney's fees, and interest sought by Plaintiff in the Complaint, are beyond the scope of the contract.[49] Plaintiff consents to limit its recovery to the Net Book Value of the equipment, "as well as any relief which this Court deems just and proper."[50] In the Complaint Plaintiff alleges that the Net Book Value of the Equipment is $170,739.24.[51] The parties do not dispute that Plaintiff's compensatory damages are limited to the Net Book Value of $170,739.24. The parties also do not dispute that Plaintiff is not entitled to attorney's fees or pre-suit interest. Accordingly,

---

[45] *Id.* (quoting *Hughes*, 278 F.3d at 420).

[46] *Id*. at 312–13 (first quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); then quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (2000)).

[47] *Id.* at 312 (quoting *Jones*, 188 F.3d at 324).

[48] Rec. Doc. 29-1 at 4–6.

[49] *Id*. at 7–8.

[50] Rec. Doc. 40 at 3.

[51] Rec. Doc. 1-2 at 7.

**IT IS HEREBY ORDERED** that HOTWORX's Motion for Judgment on the Pleadings[52] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's requests for compensatory damages in excess of $170,739.24, attorney's fees, and pre-suit interest are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __25th__ day of March, 2026.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[52] Rec. Doc. 29.