**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NORTH STAR LEASING, a division of PEOPLES BANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1851** |
| **HOTWORX FRANCHISING, LLC.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is the Parties' "Joint Motion to Stay Litigation."[1] This litigation arises from a contractual dispute between Plaintiff North Star Leasing, a division of Peoples Bank ("Plaintiff") and Defendant HOTWORX Franchising, LLC ("HOTWORX").[2] Plaintiff alleges that HOTWORX breached a Remarketing/Repurchase Agreement following the default on an Equipment Finance Agreement Plaintiff entered with non-party, Blitz Fit Enterprises Corp. d/b/a Hotworx Buellton ("Blitz Fit"), a former HOTWORX franchisee that operated a HOTWORX studio in Buellton, California.[3]

In the instant motion, the Parties submit that Plaintiff "has attempted to arrange with Blitz Fit's former landlord, Buellton Village Center LLC ("Buellton Village Center"), the voluntary surrender of the equipment and other items [Plaintiff] submits it holds a security interest in pursuant to the Finance Agreement."[4] The Parties contend that Buellton Village Center initially asserted ownership over the Equipment, but more recently "communicated that it has relet the

---

[1] Rec. Doc. 46.

[2] Rec. Doc. 1-2.

[3] *Id.*

[4] Rec. Doc. 46-1 at 2–3.

1

premises formerly leased to Blitz Fit to a third party and suggested that [Plaintiff] should direct its communications to the new tenant."[5] As a result, the Parties aver that Plaintiff "is being forced to seek redress via proceedings in California state court to enforce its security interest rights in the equipment and trade dress subject of the Finance Agreement."[6]

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[7] The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[8] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[9] In determining whether a stay should be granted, "courts consider the following factors as set out in *Landis v. North American Co.*: (1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."[10]

The Parties move the Court to stay this matter pending resolution of Plaintiff's efforts in California state court to recover possession of the Equipment and trade dress items to be resold pursuant to the terms of the Parties' Repurchase Agreement. Requiring the Parties to continue

---

[5] *Id.* at 3.

[6] *Id.*

[7] 299 U.S. 248, 254 (1936).

[8] *Id.* at 254–55.

[9] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[10] *Falcone v. Anco Insulations, Inc.*, No. 21-233, 2021 WL 3679616 at *4 (E.D. La. July 20, 2021) (Brown, J.) (quoting *Cortez v. Lamorak Insurance Co.*, No. 20-2389, 2021 WL 2018073, at *4 (E.D. La. May 20, 2021)).

pursuing this litigation while the California case is pending would impose an undue hardship, as resolution of the California case may make this litigation unnecessary. Further, both Parties consent to the requested stay, thus there is no non-moving party that could suffer prejudice if the stay is granted. Finally, entry of a stay will promote judicial economy by preventing unnecessary litigation. Therefore, all three *Landis* factors weigh in favor of staying this matter.

Accordingly,

**IT IS HEREBY ORDERED** that the Parties' Joint Motion to Stay Litigation[11] is **GRANTED.**

**IT IS HEREBY ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED**. The Court retains jurisdiction over this matter, and the case shall be restored to the Court's docket upon motion of a party if circumstances change, so that it may proceed to final disposition.

**NEW ORLEANS, LOUISIANA**, this __29th__ day of July, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[11] Rec. Doc. 46.